# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
***

LEMAR GANT,

                    Plaintiff,

vs.

BRIAN WILLIAMS; *et.al.*,

                    Defendants.

Case No. 2:16–cv–11–JAD–VCF

**REPORT & RECOMMENDATION AND ORDER**

Before the court are Gant's motion for a temporary restraining order (ECF No. 22) and Williams's response (ECF No. 25).  Also before the court are Gant's motion for preliminary injunction (ECF No. 23) and Williams's response (ECF No. 26).  The court also considers Gant's motion for appointment of counsel (ECF No. 24), Williams's response (ECF No. 27), and Gant's reply (ECF No. 31).  For the reasons stated below, Gant's motions should be denied.

1.    Motion for Temporary Restraining Order (ECF No. 22)

"Under FED. R. CIV. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss or damage will result to plaintiff if the order is not issued to support their motion for a temporary restraining order." *Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010).   "The standard for obtaining ex parte relief under Rule 65 is very stringent." *Id.*

"The temporary restraining order 'should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.'" *Id.* (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974)).

Gant has not met the stringent standards for a temporary restraining order under Rule 65(b).  In his motion, Gant raises numerous grievances regarding his treatment within the Nevada Department of Corrections and alleges that these actions are part of a deliberate effort to prevent inmates from improving the conditions of the prison.  (ECF No. 22)  Gant argues that he and other inmates will suffer "immediate and irreparable harm" if the Defendants' conduct is not immediately enjoined.  However, Gant does not specify what type of harm he will suffer or why his harm could not be rectified with subsequent remedial action should be prevail in this lawsuit.  Gant's motion for a temporary restraining order should be denied.

2.    <u>Motion for Preliminary Injunction (ECF No. No. 23)</u>

"Federal Rule of Civil Procedure 65 provides the general procedure for obtaining a preliminary injunction."  *F.D.I.C. v. Garner*, 125 F.3d 1272, 1276–77 (9th Cir. 1997).  "A plaintiff seeking a preliminary injunction must establish that he is [1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008).

In addition to failing to adequately show he will suffer immediate and irreparable harm, Gant has failed to establish a likelihood of success on the merits.  (ECF No. 23)  Although he alludes to the claims made in his complaint, he has not articulated why he believes the claims are meritorious or what information he plans to discover in order to support his claims.  Gant's motion for a preliminary injunction should be denied.

3.    <u>Motion for Appointment of Counsel (ECF No 24)</u>

"There is no constitutional right to appointed counsel in a §1983 action."  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  "The court may request an attorney to represent any person unable to

afford counsel." 28 U.S.C. §1915(e)(1).  Courts will only appoint counsel pursuant section 1915(e)(1) under "exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  "A finding of exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." *Id.*

This action does not present the exceptional circumstances that would warrant the appointment of counsel.  In his reply, Gant cites to examples of conduct which purportedly demonstrates the existence of exceptional circumstances.  First, he notes his use of a preprinted habeas corpus appointment of counsel form to file his original motion.  (ECF No. 31)  Second, Gant alleges that his inability to use the correct forms and procedures warrants appointment of counsel.  (*Id.*)  Neither ground, alone or taken together, establishes exceptional circumstances.  Gant has not described any circumstances which set him apart from other individuals who represent themselves in civil actions.  Accordingly, Gant's motion for appointment of counsel is denied.

IT IS HEREBY RECOMMENDED that Gant's motion for a temporary restraining order (ECF 22) be DENIED.

IT IS FURTHER RECOMMENDED that Gant's motion for preliminary injunction (ECF No. 23) be DENIED.

IT IS ORDERED that Gant's motion for appointment of counsel (ECF No. 24) is DENIED.

IT IS SO RECOMMENDED AND ORDERED.

DATED this 24th day of March, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

3