# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Lemar Gant,

    Plaintiff

v.

Brian Williams, et al.,

    Defendants

Case No.: 2:16-cv-00011-JAD-VCF

**Order Dismissing and Closing Case**

Plaintiff Lemar Gant brought this action against various Nevada Department of Corrections (NDOC) prison officials for violations of his civil rights under 42 U.S.C. § 1983. When I entered summary judgment in May 2018 in favor of all defendants who had been served, I ordered Gant to show cause why his claims against the remaining, unserved defendants Brcic (aka Brck), Johnson, and Chipo shouldn't be dismissed under Federal Rule of Civil Procedure 4(m).[1] Gant's deadline to show cause was June 4, 2018, and I made it clear (in bold text) that if he "fail[ed] to respond by this deadline or [did] not demonstrate good cause, his claims against these remaining defendants would be dismissed without further notice, and this case will be closed."[2] Gant filed nothing.

FRCP 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[3] Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[4]

---

[1] ECF No. 74 at 11.

[2] *Id*. (emphasis omitted).

[3] Fed. R. Civ. Proc. 4(m).

[4] Fed. R. Civ. Proc. 4(c).

1

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[6] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[8] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[9] And that warning was given here.[10] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

---

[5] *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[6] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[7] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[10] ECF No. 74 at 11.

Because Gant has not demonstrated that process has been served on these defendants within the time prescribed by FRCP 4(m), **IT IS THEREFORE ORDERED that his claims against remaining defendants Brcic (aka Brck), Johnson, and Chipo are DISMISSED without prejudice** under FRCP 4(m), and the Clerk of Court is directed to **CLOSE THIS CASE.**

Dated: February 6, 2019

_____
U.S. District Judge Jennifer A. Dorsey